# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5012 | **DATE** | 3/18/2003 |
| **CASE TITLE** | Turner, et al. vs. The Goodyear Tire, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying plaintiffs' motion to remand (7-1).
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 19 2003 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | 3/18/2003 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | 03 MAR 18 PM 4:25 | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


MICHAEL TURNER AND MARGARET ANN )
TURNER, )
                      Plaintiffs, )
v. )   No. 02 C 5012
)
THE GOODYEAR TIRE & RUBBER CO., )
WESTOVER CARTAGE LTD., AND WESTOVER )
CONTRACT CARRIERS, INC. )
                      Defendants. )

## MEMORANDUM OPINION AND ORDER

### I.

The plaintiff, Michael Turner, was employed by Bowevil Express as a truck driver. He was assigned to transport tires belonging to defendant Goodyear Tire and Rubber Co. ("Goodyear") from Virginia to Illinois. Under Goodyear's supervision, defendants Westover Cartage, Ltd. and Westover Contract Carriers, Inc. (together, "Westover") loaded a shipment of tires onto Mr. Turner's truck in Virginia. When Mr. Turner arrived in Illinois and opened the rear doors of his vehicle, a tire fell on his head and body and injured him.

Mr. Turner sued Goodyear and Westover in the Circuit Court of Cook County, alleging that the defendants caused his injury by carelessly and improperly stacking the tires in his truck, and seeking damages "over and above $50,000" from each defendant for

the physical injuries, lost wages, medical bills, and pain and anguish their negligence allegedly caused. His wife, Margaret Ann Turner, likewise sued both defendants for "over and above $50,000" for loss of her husband's consortium and society.

Process in that suit was served upon Goodyear on May 7, 2002. On June 5 of that year, Goodyear requested that the plaintiffs admit that neither Mr. nor Mrs. Turner would seek a judgment greater than $75,000. On June 18, the plaintiffs admitted that they might seek more than that amount. Twenty-eight days after this admission was filed, on July 16, defendant Goodyear filed a notice of removal based on diversity of citizenship pursuant to 28 U.S.C. § 1441, and the case was removed to this court. Plaintiffs now move for remand to the Circuit Court of Cook County due to untimely removal and improper consent to removal by Westover. I deny the motion.

II.

The first question posed by this motion is whether Goodyear was required to remove the case within 30 days of being served with the complaint, or whether the 30-day countdown did not begin until it received an explicit admission that at least one plaintiff was seeking damages against one defendant in excess of $75,000, the jurisdictional amount.

28 U.S.C. § 1446(b) states that notice of removal "shall be filed within thirty days after the receipt by the defendant,

through service or otherwise, of a copy of the initial pleading ... or other paper from which it may first be ascertained that the case is removable." The plaintiffs argue that because their initial pleading alleged such severe and lasting injuries, including ongoing loss of wages and large medical bills, the defendants were on notice from the day they were served that the case was removable.

However, in the Northern District of Illinois, Local Rule 81.2 supplements § 1446(b) where the state complaint does not contain an express *ad damnum* by a single plaintiff against a single defendant in excess of the federal jurisdictional amount. The rule states that in such cases:

> The notice of removal shall include:
>
> (2) with respect to at least one plaintiff in the Illinois action, either —
>
>> (A) a response by such plaintiff to an interrogatory or interrogatories (see Ill.S.Ct. Rule 213) as to the amount in controversy, either (i) stating that the damages actually sought by that plaintiff exceed the jurisdictional amounts or (ii) declining to agree that the damage award to that plaintiff will in no event exceed the jurisdictional amount; or
>>
>> (B) an admission by such plaintiff in response to a request for admissions ... conforming to the statement or declination to agree described in subparagraph (2)(A) of this rule.
>
> Receipt by the removing defendant or defendants of the response by a plaintiff referred to in subparagraph (2)(A) or of the admission by a plaintiff referred to in paragraph (2)(B) ... shall constitute the receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C.

§1446(b).

Local Rule 81.2 applies in this case because each of the original claims — Mr. Turner's against Goodyear, Mr. Turner's against Westover, and Mrs. Turner's against both defendants — seeks "over and above $50,000" and does not include an *ad damnum* for over $75,000. It is undisputed that Goodyear followed the rule to the letter. It sought an admission from the plaintiffs in a timely fashion and submitted its removal petition within 30 days of receiving a response. But the plaintiffs argue that while an answer to an interrogatory or request for admission can serve as "paper from which it may first be ascertained that the case is one which is or has become removable," so too can other documents. Specifically, they claim that their state court complaint was adequate notice of removability. Goodyear, in contrast, argues for a strict reading of Rule 81.2 as an exhaustive list of the means by which notice may be provided in the absence of a sufficient *ad damnum*.

The case law provides equal support to both parties. In *Height v. Southwest Airlines, Inc.*, No. 02 C 2854, 2002 WL 1759800 (N.D. Ill. Jul. 29, 2002) (Guzman, J.), the court held that Rule 81.2 "appears to include an exhaustive list" and that even if a state complaint contains allegations of severe and permanent injury and financial loss, "they would not necessarily mean that Plaintiff seeks damages in excess of $75,000. A Plaintiff could choose to

4

seek a lesser amount in order to avoid removal." *Id.* at *3-4. *Height* is the most recent of a line of cases strictly construing the Rule; *see, e.g., Abdishi v. Philip Morris, Inc.*, No. 98 C 1310, 1998 WL 311991 (N.D. Ill. June 4, 1998) (Gettleman, J.).

But just three months later, in *McCoy v. General Motors Corp.*, No. 02 C 4983, 2002 WL 31324060 (N.D. Ill. Oct. 17, 2002) (Castillo, J.), the court held that when a plaintiff seeks relief for lost wages, surgical bills, permanent injuries, "it is obvious from a common-sense reading of the complaint that Plaintiffs were seeking in excess of $75,000 in damages," and defendants must remove within 30 days of service. *Id.* at *2. Furthermore, the *McCoy* court stated that to the extent that Local Rule 81.2 "provides the exclusive procedure by which defendants may remove Illinois state complaints that lack an express *ad damnum* clause, it impermissibly contravenes the federal removal statute." *Id.*, at *3. *McCoy* did not distinguish *Height*; it merely mentioned it as a contrary holding. *McCoy*, like *Height*, rests on a long line of preceding cases; *see, e.g., Huntsman Chem. Corp. v. Whitehorse Tech.*, No. 97 C 3842, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997) (Coar, J.). No case appears to settle the debate as to the construction of Local Rule 81.2.

I am persuaded by Judge Guzman's reasoning in *Height*. Plaintiffs sometimes deliberately seek less than the amount they might otherwise collect in order to avoid removal from a preferred

forum. In *Tokarz v. Texaco Pipeline Inc.*, 856 F. Supp. 403 (N.D. Ill. 1993) (Shadur, J.), for example, each plaintiff in the suit sought $29,999.99 in damages, $.01 less than the jurisdictional amount required in the forum preferred by the defendants. No matter how grievous a plaintiff's injury, it is always possible that he or she will choose this strategy. If courts permit removal when subject-matter jurisdiction is only suspected, some cases will pointlessly travel to federal court, only to be remanded when the plaintiff's intentions are clarified. Local Rule 81.2 suggests that the proper time for determining a case's removability is before removal. A defendant is on notice that the plaintiff is seeking above $75,000 only after the plaintiff makes an explicit statement to that effect. After being served with an ambiguous state complaint, Goodyear promptly sought such an explicit *ad damnum*, and removed the case within 30 days of receiving a response. Thus, its removal was timely.

The plaintiffs' motion to remand erroneously asserts that because Mrs. Turner's claim is derivative of her husband's claim, the damages sought in their respective state complaints should be added together to total $100,000. If this were true, then the state complaint would have been removable on its face, and Goodyear's removal 70 days after service of process would have been untimely. But multiple plaintiffs cannot aggregate their claims where none of the claimants satisfy the jurisdictional amount. *See Tokarz*, 856 F.

Supp. at 404. The fact that Mrs. Turner's claim is a loss of consortium claim arising from the same event as her husband's physical injury is of no consequence; those were also the facts in *Tokarz*. Her injury (loss of companionship, etc.) is distinct from his, and must independently meet the jurisdictional threshold. Thus, the fact that plaintiffs' multiple claims for less than the jurisdictional amount added up to over $75,000 does not change the fact that the state complaint was not adequate notice to Goodyear of the case's removability.

### III.

The second question plaintiffs raise is whether Goodyear's notice of removal is faulty because co-defendant Westover had no standing to consent to removal after failing to file an appearance in state court. Plaintiffs cite no law for the proposition that a defendant must file an appearance in state court before consenting to removal to federal court, and the removal statute says simply that each defendant must communicate his or her consent to the court in writing within 30 days of receiving the initial pleading containing the removable claim. *See Thomas v. Klinkhamer*, No. 00 C 2654, 2000 WL 967984 (N.D. Ill. July 10, 2000) (Lindberg, J.). Westover did so in its consent to removal filed on July 16. Therefore, Westover's consent to removal is valid.

### IV.

Goodyear was not on notice that the case against them was removable until it received a response to its request for admission on June 18, and the case was removed within 30 days of that date, pursuant to Local Rule 81.2. Westover likewise consented to removal within 30 days of that admission. Since the defendants complied with the removal statute and local rule, the removal is valid, and the case is properly before this court.

The plaintiffs' motion for remand is DENIED.

ENTER ORDER:

*Elaine E. Bucklo*

---
**Elaine E. Bucklo**
United States District Judge

Dated: March 18, 2003