# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5012 | **DATE** | 12/1/2004 |
| **CASE TITLE** | Michael Turner vs. Goodyear Tire | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion, we grant Goodyear's motion for summary judgment on the FMCSR claims and deny the remainder of the motion for summary judgment. We grant Westover's partial motion for summary judgment. We grant Goodyear's motion to bar the testimony of Pierson regarding the FMCSR and deny the motion to bar the testimony of Pierson regarding how the accident occurred and regarding industry customs and practices. We deny Plaintiff's motion to strike. The parties are given until 12/31/04 to exchange proposed witness lists. Motions in limine are to be filed by 01/28/05. Responses to the motions in limine are to be filed by 02/11/05 and replies by 02/18/05. Joint pretrial order shall be submitted to chambers by 03/18/05 as outlined in Judge Der-Yeghiayan's standing order regarding pretrial orders. The parties may obtain copies of Judge Der-Yeghiayan's standing order regarding pretrial orders from this Court's web page or from this Court's Courtroom Deputy. Pretrial conference set for 03/22/05 at 10:30 a.m. Jury trial set to begin on 03/28/05 at 9:30 a.m. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 0 2 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. Memorandum opinion distributed by Judge's staff | | GMA docketing deputy initials | 82 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| MW6 | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL TURNER and MARGARET ANN TURNER,

    Plaintiffs,

v.

THE GOODYEAR TIRE & RUBBER COMPANY, WESTOVER CARTAGE, LTD., and WESTOVER CONTRACT CARRIERS, INC.,

    Defendants.

No. 02 C 5012

DOCKETED
DEC 0 2 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Goodyear Tire and Rubber Company's ("Goodyear") motion for summary judgment and on Defendants Westover Cartage, Ltd.'s and Westover Contract Carrier, Inc.'s (collectively, "Westover") and Bowevil Express, L.L.C.'s ("Bowevil") motion for partial summary judgment. This matter is also before the court on Goodyear's partial motion to bar Plaintiffs' expert witness testimony and on Plaintiffs' motion to strike Goodyear's responses to requests to admit. For the reasons stated below, we grant and deny in part Goodyear's motion for summary judgment. We grant Westover's partial motion

1



for summary judgment. We grant in part Goodyear's motion to bar and deny Plaintiff's motion to strike.

## BACKGROUND

Goodyear formed a contract with Bowevil and under the contract Bowevil was obligated to transport Goodyear's tires from its Danville plant to various customers or locations. Bowevil also entered into a contract with Westover and under that agreement Westover worked on behalf of Bowevil at Danville as its cartage agent. On June 15, 2000, Plaintiff Michael Turner ("Turner") was employed by Bowevil as a truck driver and was delivering Goodyear tires from Danville, Virginia to Dekalb, Illinois. Turner claims that during the transport the tires shifted and that, as a result, when Turner opened the door to the trailer, two tires fell on Turner, injuring him. Turner and his wife Margaret Ann Turner initially brought the instant action in an Illinois state court against Defendants. The three count complaint included a negligence claim against Goodyear (Count I), a negligence claim against Westover (Count II), and claims against Goodyear and Westover for loss of consortium and society (Count III). The negligence claims include common law negligence claims and claims based upon the Federal Motor Carrier Safety Regulations ("FMCSR"). Defendants subsequently removed the action to federal court.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case."*Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most

favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

I. Motion to Bar Expert Testimony

Goodyear has moved to bar in part the expert testimony of Plaintiffs' expert Kenneth L. Pierson ("Pierson"). Pursuant to Federal Rule of Evidence 702:

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. Under Rule 702 a district court must determine whether a proposed expert's testimony is "both relevant and reliable" and must consider "whether the expert is qualified in the relevant field and whether the methodology underlying the expert's conclusions is reliable." *Masters v. Hesston Corp.*, 291 F.3d 985, 991 (7th Cir. 2002). Thus, the district court acts as a "gatekeeper with respect to testimony proffered under Rule 702 to ensure that the testimony is sufficiently reliable to qualify for admission." *Mihailovich v. Laatsch*, 359 F.3d 892, 918 (7th Cir. 2004). In determining whether expert testimony is admissible, the court should also consider the following non-exhaustive list of factors: (1) "whether the

4

theoretical framework or technique underlying the witness's testimony... is subject to verification through testing, (2) whether it has been subjected to peer review and publication, (3) what its known or potential rate of error is, (4) whether there are standards controlling its application, and (5) whether it is generally accepted within the relevant expert community." *Id.*

Plaintiffs claim that they retained Pierson to testify regarding: 1) the shifting of freight in transit in general, 2) the shifting in the load of tires in Turner's trailer on the day in question, 3) trucking industry customs and practices, 4) applicability of the FMCSR, and 5) methods utilized in the trucking industry to prevent load shifting. (Ans. Bar. 4-5).

### A. Testimony Regarding FMCSR

Goodyear seeks to bar Pierson from testifying that: the FMCSR apply to Goodyear, the FMCSR create a duty owed by Goodyear, or that Goodyear violated the FMCSR. We agree with Goodyear that whether or not the FMCSR apply to Goodyear, whether or not the FMCSR created a duty owed by Goodyear, and whether Goodyear violated the FMCSR are all key legal issues for which Pierson cannot properly provide opinion testimony. *See Good Shepherd Manor Foundation, Inc. v. City of Momence*, 323 F.3d 557, 564 (7th Cir. 2003)(stating that "[t]he district court correctly ruled that expert testimony as to legal conclusions that will determine the outcome of the case is inadmissible."). It is mainly the court's role to instruct the

jury on the pertinent law. Therefore, we grant Goodyear's motion to bar Pierson from testifying regarding the FMCSR.

### B. Testimony Regarding How Accident Occurred and Customs and Practices

Goodyear also seeks to bar Pierson from testifying as to how the accident with Turner occurred and regarding industry customs and practices. Goodyear contends that Pierson's opinions are not reliable and that there is a lack of specialized knowledge on his part or a scientific basis for his opinions and that Pierson does not have sufficient knowledge of industry customs and practices. Pierson has extensive experience in the trucking industry and has acted as a safety inspector for the Illinois Commerce Commission. Plaintiffs have shown that Pierson's testimony may assist the trier of fact and that his testimony appears to be sufficiently reliable and is not based upon speculation. We note that we are not finding that such testimony will be admissible at trial. We shall address such issues at trial on a case-by-case basis and Plaintiffs will need to lay a sufficient foundation and address any other pertinent evidentiary hurdles before Pierson will be allowed to testify.

## II. Motion to Strike Requests to Admit

Plaintiffs have moved to strike Goodyear's request to admit pursuant to Federal Rule of Civil Procedure 36. Plaintiffs claim that on August 9, 2004 they

6

sent a list of nine requests to Goodyear to admit. Plaintiffs argue that Goodyear failed to respond directly to the requests to admit and that Goodyear "has hedged and/or evaded responding directly to each of those requests." (Mot. Strike 2). Plaintiffs, however, have offered no more than a barebones argument regarding Goodyear's alleged evasive responses. Goodyear did provide answers to each of the requests to admit and has offered sufficient explanations in its answer to the motion to strike for each of its responses. Plaintiffs have failed to adequately explain exactly how Goodyear's responses were incomplete or evasive. Rule 36 is not intended to be utilized as a surprise attack to allow one party to prevail based on a perceived improper wording in a response. Therefore, we deny Plaintiffs' motion to strike.

### III. Goodyear's Motion for Summary Judgment

Goodyear moves for summary judgment on all claims. Goodyear argues: A) that Plaintiffs cannot show that Goodyear owed a duty to Plaintiffs, B) that the FMCSR do not apply to Goodyear, and 3) that Goodyear is entitled to summary judgment on the issue of whether Turner was contributorily negligent.

#### A. Duty to Plaintiffs

Goodyear argues that Plaintiffs cannot establish that Goodyear owed a common law duty to Plaintiffs. Under Illinois law for a plaintiff to succeed on a

negligence claim a plaintiff must show "a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by the breach." *Bajwa v. Metropolitan Life Ins. Co.*, 804 N.E.2d 519, 526 (Ill. 2004). As indicated above, Pierson may be allowed to testify on certain issues and such testimony may provide sufficient background to find that Goodyear owed a duty to Plaintiffs. In addition, there is evidence that shows that Goodyear's employees were involved in the loading of Turner's trailer and the overseeing of the loading and that it took place on Goodyear's premises. For example, one piece of evidence is the deposition testimony by Goodyear employee Ronald M. Allen which indicates that Goodyear employees took part in the loading and were responsible for ensuring that the cargo was properly loaded and secured. (Allen Dep. 19-21). Another example is deposition testimony of Westover employee Jerry Mayberry which indicates that Goodyear employees were involved in the loading of trailers. (Mayberry Dep. 9-13). In addition, it is not clear whether Turner will be able to offer testimony concerning Goodyear's involvement in the loading of his trailer.

Goodyear argues that "the motor carriers involved in the handling and transportation of the trailer at issue had ample opportunity to inspect the load." (G. Reply SJ. 4). However, even if that were true, it does not necessarily follow that Goodyear is relieved of all liability that might be associated with possible negligent conduct by Goodyear. There is sufficient evidence regarding foreseeable danger to Turner and Goodyear's involvement in the loading of the truck to preclude summary

judgment on this issue. Therefore, we deny Goodyear's motion for summary judgment on this issue.

### B. FMCSR Claims

For the reasons explained below in regards to Westover's motion for partial summary judgment, we grant Goodyear's motion for summary judgment on the FMCSR claims.

### C. Contributory Negligence

Goodyear argues that it is entitled to summary judgment on the issue of contributory negligence. Goodyear contends that Turner admitted at his deposition that he disregarded his training when he opened the door to his truck. We agree with Plaintiffs that on this issue Goodyear has not provided such overwhelming evidence or a clear set of facts, even considering Turner's deposition testimony, that Goodyear is entitled to a judgment as a matter of law. For example, whether or not Turner failed to follow his training given to him by Bowevil is not necessarily dispositive on the issue of contributory negligence. Also, Turner did not expressly indicate that he failed to follow his training. Rather, Goodyear mainly bases its summary judgment argument on a reply by Turner of "yes" during his deposition in the midst of a litany of other questions on the topic. It is not conclusive from Turner's deposition that he

was admitting that he failed to follow his training or that Turner was conceding that he was negligent in the opening of the door. *See Bay*, 212 F.3d at 972 (stating that for a summary judgment motion the court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party.); *Trotter v. Anderson*, 417 F.2d 1191, 1192 (7th Cir. 1969)(stating that "[t]he issue of contributory negligence is ordinarily not susceptible to summary adjudication and generally should be resolved in the ordinary manner at trial," that the "defendant is faced with a heavy burden in establishing the absence of a genuine factual dispute," and that "[i]n deciding whether there is an issue of material fact, all doubts must be resolved against the party asking for a summary judgment" meaning that "any uncertainty in that regard is sufficient to deny summary judgment."). Goodyear is free to raise Turner's deposition testimony at trial and the trier of fact can weigh it accordingly. We find that the issue of contributory negligence should be left for the trier of fact to assess.

IV. Westover Partial Motion for Summary Judgment

Westover has moved for partial summary judgment on all claims based upon the FMCSR. Under Illinois law "[i]n order to recover for a defendant's violation of a statute or rule designed to protect human life or property, a plaintiff must show: (1) the violation proximately caused the injury; (2) plaintiff belonged to the class of persons whom the rule was intended to protect from injury; (3) the kind of injury

suffered by plaintiff was the kind of injury which the rule sought to prevent." *Gouge v. Central Illinois Public Serv. Co.*, 582 N.E.2d 108, 112 (Ill. 1991).

Westover argues that the third requirement is not met in the instant action because the FMCSR were intended to provide protection for hauling accidents that occurred on the highway rather than in a private loading dock. Westover points to the definition section of the FMCSR which defines an "accident" as "an occurrence involving a commercial motor vehicle operating on a highway in interstate or intrastate commerce," and states that the term does not include "[a]n occurrence involving only the loading or unloading of cargo." 49 C.F.R. § 390.5. Westover also points out that the version of 49 C.F.R. § 393.100 that was in effect at the time of the incident in question refers to ensuring that vehicles are properly loaded "when transporting cargo" and that the definition of "highway" in the regulations is limited to public areas.

Plaintiffs respond by arguing that the Motor Safety Carrier Act of 1984 ("MSCA"), 49 App.U.S.C. § 2501 *et seq.*, directed the Department of Transportation to issue regulations concerning the safety of the operations of commercial motor vehicles and, in response, the FMCSR were amended. Plaintiffs point out that pursuant to 49 U.S.C. § 31131 the stated purposes of the MSCA is "to promote the safe operation of commercial motor vehicles; . . . to minimize dangers to the health of operators of commercial motor vehicles and other employees whose employment directly affects motor carrier safety; and . . . to ensure increased compliance with

11

traffic laws and with the commercial motor vehicle safety and health regulations and standards prescribed and orders issued under this chapter." 49 U.S.C. § 31131(a).

Plaintiffs argue that the loading and unloading of cargo falls within the general purpose of the MSCA. Despite the general language in the MSCA, we find that the regulations clearly indicate that the FMCSR were not intended to cover or create a duty in regards to accidents that occur while unloading cargo in a private loading area. We also note that Plaintiffs specifically cite the regulations including 49 C.F.R. § 393.100(a) and 49 C.F.R. § 393.100(b) in their amended complaint. In addition, we note that the current version of 49 C.F.R. § 393.100 specifies that the load must be properly secured "when transporting cargo on public roads" and that the load must be secured to "prevent shifting upon or within the vehicle to such an extent that the vehicle's stability or maneuverability is adversely affected. . . ." These amendments are consistent with the other prior indicators of the limited scope of the FMCSR and offer further clarification that it was the intent to limit the scope of the FMCSR accordingly. Finally, we note that Plaintiffs cite *Reed v. Ace Doran Hauling & Rigging Co.*, 1997 WL 177840 (N.D. Ill. 1997) in their answer to Goodyear's motion for summary judgment, but avoid referring to the case in their answer to Westover's motion for summary judgment. The *Reed* case relied upon by Plaintiffs illustrates the true purpose behind the FMCSR because, in that case, the plaintiff lost control of his truck while driving the vehicle because the load was not properly secured. *Id.* at *1. Therefore, we grant Westover's motion for partial

summary judgment on the FMCSR claims.

## CONCLUSION

Based on the foregoing analysis, we grant Goodyear's motion for summary judgment on the FMCSR claims and deny the remainder of the motion for summary judgment. We grant Westover's partial motion for summary judgment. We grant Goodyear's motion to bar the testimony of Pierson regarding the FMCSR and deny the motion to bar the testimony of Pierson regarding how the accident occurred and regarding industry customs and practices. We deny Plaintiff's motion to strike.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 1, 2004